IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAVINO FALCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| BRINSON COMPANY, INC., | ) | Judge |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BRINSONS COMPANY, INC.'S
<u>NOTICE OF REMOVAL</u>**

Defendant Brinson Company, Inc. ("Brinson"), by its attorneys, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and expressly reserving all of its rights to respond to this lawsuit, hereby files its Notice of Removal of the lawsuit styled *Falco .v Brinson Company, Inc.*, No. 2012 L 001260, from the Eighteenth Judicial Circuit, Dupage County, Wheaton Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. The grounds for removal are as follows:

1. Brinson filed the Complaint on November 8, 2012, Falco in the Eighteenth Judicial Circuit, Dupage County, Wheaton Illinois, against Brinson. A copy of the Complaint and the summons received by Brinson are attached hereto as Exhibit A. Brinson is unaware of any additional documents that have been filed in this lawsuit.

2. Brinson was not served with the summons and a copy of the Complaint until November 27, 2012. This notice of removal is being filed within 30 days after the receipt by Brinson of "the initial pleading setting forth the claim for relief upon which the action is based." 28 U.S.C. § 1446(b).

3. Plaintiff Savino Falco ("Falco") purports to bring this action under the False Claims Act, 31 U.S.C. § 3729 ("FCA"), and Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983 ("Section 1983"). Under the FCA, Falco alleges that Brinson filed false income tax returns to the State and Federal Government in relation to its allegedly unlicensed sale of Mercedes Benz's software, Star Diagnostic System and hardware. (Compl. General Facts ¶ 3; Count III, ¶¶ 2–3.). Under Section 1983, Falco also claims that Brinson violated his civil rights by terminating him after he allegedly complained to the federal government about the allegedly illegal activity. (Compl. Count IV ¶ 2.)

4. In addition to the two federal claims, Falco also purports to pursue two state law causes of action – one for retaliatory discharge under Illinois common law and one under the Illinois whistleblower statute.

5. This action may be removed to this Court pursuant to 28 U.S.C. § 1331, which states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This action is one which may be removed to this Court because it is a civil action that is brought under the laws of the United States, namely the FCA and Section 1983, thus placing a federal question before the Court.

6. Falco's allegations place this action squarely in the realm of federal question jurisdiction as the FSA and the Civil Rights act, both federal laws, are the basis for two of Falco's claims. Therefore, jurisdiction is proper. This Court has removal jurisdiction because this is a civil action "of which the district courts have original jurisdiction" and an action "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. §§ 1331, 1441(a).

7. As an alternative grounds for removal, there is complete diversity between the parties under 28 U.S.C. § 1332. Brinson is a Louisiana corporation with its principal place of business in Jefferson Parish, Louisiana, and Falco is a resident of the State of Illinois. Falco seeks unspecified damages in the Complaint, with the exception of his claim under the federal FCA wherein he prays for an amount not less than $5,000 and not more than $10,000, plus treble damages. For each of the other three counts, he seeks "damages in excess of the jurisdictional minimum" plus attorneys' fees, prejudgment interest, and costs plus interest. From the face of the complaint, it is apparent that Falco is seeking backpay as one element of his damages stemming from his employment separation in April 2011. Brinson was earning approximately $39,000 annually. Aggregating the claims, it is apparent that the amount in controversy exceeds $75,000.

8. The two state law claims are also removable pursuant to the federal courts supplemental jurisdiction. 28 U.S.C. § 1367(a). Since the underlying events, the alleged unlicensed sale of Mercedes Benz's products, for the state and common law claims are part of the "same case or controversy" as the FCA and Civil Rights Act claims, then this Court has proper supplemental jurisdiction. 28 U.S.C. § 1367(a).

9. As required by 28 U.S.C. § 1446(d), Brinson will promptly serve upon Plaintiff this Notice of Removal, and will promptly file a true and correct copy of this Notice of Removal with Eighteenth Judicial Circuit, Dupage County, Wheaton Illinois.

10. Brinson expressly reserves all defenses, including, without limitation, those relating to service and jurisdiction, and nothing in this Notice of Removal is intended to waive any such defenses of Brinson, or its right to contest the underlying basis for this action.

WHEREFORE, Defendant Brinson Company, Inc., hereby gives notice that this action has been removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted this 27th day of December, 2012.

/s/ Robert R. Brown
Robert R. Brown
Molly K. McGinley
K&L GATES, LLP
70 W. Madiosn St.
Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
E-mail: robert.brown@klgates.com
*Attorney for Defendant Brinson Company, Inc.*

# EXHIBIT A

SUMMONS - CIRCUIT COURT

**STATE OF ILLINOIS**
**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

SAVINO FALCO
PLAINTIFF

vs

Brinson company, Inc.,
Agent: JOHN GOLEMBIEWSKI
7535 W 99TH PLACE
Bridgeview, IL 60455
DEFENDANT

2012L001260
CASE NUMBER

**SUMMONS**
**CIRCUIT COURT**
[X] ORIGINAL [ ] ALIAS

File Stamp Here

To each Defendant:

You are Summoned and Required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service.

If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than thirty (30) days after its date.

**DATE OF SERVICE**

TO BE INSERTED BY OFFICER ON COPY LEFT WITH DEFENDANT OR OTHER PERSON

Name: Jeffrey M. Jacobson [ ] PRO SE
DuPage Attorney Number: 23359
Attorney for: SAVINO FALCO
Address: 128 S. County Farm Rd, suite B
City/State/Zip: Wheaton, Il 60563
Telephone Number: 331-222-9529

WITNESS:

CHRIS KACHIROUBAS, Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, Wheaton, Illinois

NOV 0 8 2012
Date
CHRIS KACHIROUBAS Circuit Court Clerk

Deputy Clerk

NOTE:
The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing.

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, WHEATON, ILLINOIS

| | | |
|---|---|---|
| SAVINO FALCO, <br> Plaintiff, <br><br> vs. <br><br> Brinson company, Inc., <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 2012L001260 <br><br> Status Date: 02/08/13 <br> Mgmt. Date: 04/28/13 <br> No: <br> Assigned To: 2018 |

## COMPLAINT AT LAW

NOW COMES, SAVINO FALCO, by and through his attorney, Jeffrey M. Jacobson of the law office of Jeffrey M. Jacobson P.C, complains and alleges a cause of action as follows:

### GENERAL FACTS

1. The defendant Brinson is a corporation duly organized and licensed to do business in the State of Illinois. This Court has jurisdiction over the subject matter and of the parties. All acts alleged herein occurred in DuPage County, Illinois and within the jurisdiction of this Court.

2. On October 14, 1986, Mr. Falco was employed by the Defendant Brinson company, Inc. (Brinson).

3. That at some point, Mr. Falco believed that Brinson was involved in a crime. Specifically, Brinson was selling software, Star diagnostic system ("SDS"), and hardware without a license or permission from Mercedes Benz. Mr. Falco believed that based on the selling of the SDS, Brinson was involved in a crime.

4. On December 2009, Mr. Falco contacted the United States Government (Treasury) to notify them of the illegal activity.

5. On or about January 2010, Mr. Falco informed management at Brinson that he had contacted the U.S. Government concerning the illegal activity.

6. Brinson put pressure on Mr. Falco to sell the SDS and become involved in the crime.

7. Mr. Falco refused to be involved in the crime.

8. The Federal Bureau of Investigations (FBI) contacted Mr. Falco to find out what he knew. Mr. Falco fully cooperated with the FBI.

9. Mr. Falco was also required by the United States government to keep anything he knew about the FBI investigation confidential.

10. Based on information the FBI had concerning the SDS, they executed search warrants. This made the investigation by the FBI public.

11. That Brinson terminated Mr. Falco after he notified them of his communication with the U.S. Government.

12. That Mr. Falco filed for benefits with the Illinois Department of Employment Security (IDES) because of the termination.

13. That the U.S. Government has asked that Mr. Falco not testify in any IDES hearing to what is occurring with the investigation by the U.S. Government concerning Brinson.

14. That at some point after the Mr. Falco completed his IDES hearings and was denied, the FBI gave Mr. Falco permission to disclose anything he wants concerning Brinson.

15. That because of the FBI requiring Mr. Falco to be silent during the hearings, he was denied benefits.

16. That Mr. Falco was employed by the Defendant, Brinson, prior to him notifying the government agency that he reasonably believed a crime was being committed (Whistle Blowing).

17. That as the direct and proximate consequence of Mr. Falco's whistle blowing activities, as mentioned above, Mr. Falco was severed from employment by Brinson.

## COUNT I
## WHISTLE BLOWER - COMMON LAW

1. Incorporate paragraphs 1-17 of this complaint as if fully set forth herein.

WHEREFORE, the Plaintiff, SAVINO FALCO, prays this Honorable Court to Order:

A. Damages against the defendant, Brinson company, Inc., and in favor of the plaintiff in the amount in excess of the jurisdictional minimum.

B. Damages against Defendant, Brinson company, Inc. and in favor of Plaintiff for attorney fees.

C. That all published records reflect only the start and end dates of the plaintiff.

D. SAVINO FALCO recover all costs of this action, with interest;

E. SAVINO FALCO be awarded all reasonable attorney fees in bringing this action;

F. SAVINO FALCO be awarded prejudgment interest.

## COUNT II
## WHISTLE BLOWER ACT - STATE

1. Incorporate paragraphs of the previous paragraphs of this complaint as if fully set forth herein.

WHEREFORE, the Plaintiff, SAVINO FALCO, prays this Honorable Court to Order:

A. Damages against the Defendant, Brinson company, Inc., and in favor of the Plaintiff in the amount in excess of the jurisdictional minimum.

B. Damages against the Defendant, Brinson company, Inc., and in favor of the Plaintiff for attorney fees.

## COUNT III
### False Claims Act ("FCA") 31 USCS § 3729 – FEDERAL

1. All previous paragraphs are incorporated here in as if they were specifically stated herein.

2. That Brinson filed false income tax returns to the State and Federal Governments.

3. That Brinson knew the documents it filed with the State and Federal Government were false.

Wherefore, the Plaintiff prays that this honorable Court Order the Defendant, Brinson company, Inc., a judgment in favor of the Plaintiff in the amount of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which is sustained because of the act.

## COUNT IV
### 1983 CIVIL RIGHTS ACT

4

1. All previous paragraphs are incorporated here in as if they were specifically stated herein.

2. That the Defendant, Brinson company, Inc. denied Mr. Falco his right to his employment for complaining to the Federal Government that Brinson was involved in a crime.

WHEREFORE, the Plaintiff, SAVINO FALCO, prays this Honorable Court to Order:

A. Damages against the defendant, Brinson company, Inc., and in favor of the plaintiff in the amount in excess of the jurisdictional minimum.

B. Damages against Defendant, Brinson company, Inc. and in favor of Plaintiff for attorney fees.

C. That all published records reflect only the start and end dates of the plaintiff.

D. SAVINO FALCO recover all costs of this action, with interest;

E. SAVINO FALCO be awarded all reasonable attorney fees in bringing this action;

F. SAVINO FALCO be awarded prejudgment interest.

Sincerely submitted,

Jeffrey M. Jacobson
Law offices of Jeffrey M. Jacobson P.C.
128 South County Farm Rd.5
Wheaton, Il 60187
(331) 222-9529
23359

NOV-27-2012 14:41 FROM:BRINSON MW 17085238995 TO:NEW ORLEANS P.6/9

## CERTIFICATE OF SERVICE

 I hereby certify that the foregoing *NOTICE OF REMOVAL* was filed electronically in accordance with the local rules and was therefore served electronically on those entities that have properly registered for such electronic service and served by depositing the same in the United States mail, postage prepaid, addressed to the following listed below, on this 27th day of December 2012:

Jeffrey M. Jacobson
Law Offices of Jeffrey M. Jacobson P.C.
128 South County Farm Rd. 5
Wheaton, Illinois 60187
*Attorney for Plaintiff*

             /s/ Robert R. Brown
             Robert R. Brown